IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:23CR264-1 |
| v. | : | |
| RYAN LEWIS LITTLE | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Sandra J. Hairston, United States Attorney for the Middle District of North Carolina, and Damian Williams, United States Attorney for the Southern District of New York, and the defendant, RYAN LEWIS LITTLE, in his own person and through his attorneys, Ames C. Chamberlin and Clay H. Kaminsky, and state as follows:

1. The defendant, RYAN LEWIS LITTLE, is presently charged in a Superseding Bill of Information ("Superseding Information") in the United States District Court for the Southern District of New York in case number S1 22 Cr. 260 (PAE), which in Count One charges him with a violation of Title 18, United States Code, Section 1951, interference with commerce by threat or violence; and which in Count Two charges him with a violation of 18, United States Code, Section 924(c)(1)(A)(i), possession of a firearm in furtherance of a crime of violence.

1

2. The defendant, RYAN LEWIS LITTLE, will enter a voluntary plea of guilty to Counts One and Two of the Superseding Information herein after a transfer of venue to the United States District Court for the Middle District of North Carolina pursuant to Fed. R. Crim. P. 20. The nature of these charges and the elements of these charges, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

    a. The defendant, RYAN LEWIS LITTLE, understands that the maximum term of imprisonment provided by law for Count One of the Superseding Information herein is not more than twenty years, and the maximum fine for Count One of the Superseding Information herein is $250,000, or both. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, RYAN LEWIS LITTLE, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine.

    b. The defendant, RYAN LEWIS LITTLE, also understands that, as to Count One of the Superseding Information herein, the Court may

2

Case 1:23-cr-00264-UA   Document 2   Filed 10/30/23   Page 2 of 11

include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than three years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

  c. The defendant, RYAN LEWIS LITTLE, understands that the Court shall order, in addition to any other penalty authorized by law, that the defendant make restitution to any victim of the offense to which he is pleading guilty, pursuant to Title 18, United States Code, Section 3663A(a)(1).

  d. The defendant, RYAN LEWIS LITTLE, understands that the statutory penalty for Count Two of the Superseding Information herein provides that he shall be sentenced to imprisonment for not less than five years, nor more than life; that such term of imprisonment cannot run concurrently with any other term of imprisonment; that he cannot be placed on probation or receive a suspended sentence. The defendant, RYAN LEWIS LITTLE, further understands that the maximum fine for Count Two of the Superseding Information herein is $250,000. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, RYAN LEWIS LITTLE, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled

Sentence of Fine.

  e. The defendant, RYAN LEWIS LITTLE, also understands that the Court may include as a part of the sentence, as to Count Two of the Superseding Information herein, a requirement that he be placed on a term of supervised release of not more than five years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

  f. The defendant, RYAN LEWIS LITTLE, further understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

  g. The defendant, RYAN LEWIS LITTLE, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, RYAN LEWIS LITTLE, nevertheless wishes to enter a voluntary plea of guilty

regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States. The defendant, RYAN LEWIS LITTLE, further understands that in the event he is a naturalized citizen, entering a plea of guilty may result in denaturalization proceedings being instituted against him leading to his removal and possible permanent exclusion from the United States.

3. By voluntarily pleading guilty to Counts One and Two of the Superseding Information herein, the defendant, RYAN LEWIS LITTLE, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, RYAN LEWIS LITTLE, is going to plead guilty to Counts One and Two of the Superseding Information herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

a. It is understood that if the Court determines at the time of sentencing that the defendant, RYAN LEWIS LITTLE, qualifies for a 2-level

5

decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

  b. The defendant, RYAN LEWIS LITTLE, hereby abandons interest in, and consents to the official use, destruction, or other disposition of each item seized and/or maintained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another section of this plea agreement. The defendant, RYAN LEWIS LITTLE, waives any and all notice of any proceeding to implement the official use, destruction, or other disposition of such items.

  c. The defendant, RYAN LEWIS LITTLE, waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Superseding Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

  d. The defendant, RYAN LEWIS LITTLE, waives all rights to withdraw his plea or to attack his conviction or sentence, either on direct

appeal or collaterally, on the ground that the Government has failed to produce any discovery material (other than information establishing the factual innocence of the defendant), including Jencks Act material, material pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and impeachment material pursuant to Giglio v. United States, 405 U.S. 150 (1972), that has not already been produced by the United States Attorney's Office for the Southern District of New York as of the date of the signing of this Agreement.

   e. Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea proceedings. The defendant, RYAN LEWIS LITTLE, knowingly and voluntarily waives the protections of these rules as it relates to plea proceedings. If the defendant, RYAN LEWIS LITTLE, pleads guilty and later seeks to withdraw such guilty plea (or seeks to directly appeal or collaterally attack such conviction), any statement made at the plea proceedings in connection with such plea, and any leads derived therefrom, shall be admissible for any and all purposes.

   f. The defendant, RYAN LEWIS LITTLE, further agrees not to contest that he committed (i) all of the offense conduct alleged in the Complaint filed in United States v. Little, 22 Cr. 260 (PAE) (S.D.N.Y.), ECF No. 1; and (ii) approximately eight additional gunpoint robberies of commercial establishments in Manhattan, New York, between on or about April 3, 2022,

7

and on or about April 20, 2022. The defendant, RYAN LEWIS LITTLE, agrees that such conduct constitutes other conduct of the defendant pursuant to U.S.S.G. § 1B1.4, which the Court may consider at the time of sentencing.

      g.    The parties agree that after the appellate period has expired, the defendant's cell phone shall be released to a family member of the defendant.

6.    With regard to forfeiture, the United States and the defendant, RYAN LEWIS LITTLE, agree as follows:

      a.    The defendant, RYAN LEWIS LITTLE, knowingly and voluntarily consents and agrees to forfeit to the United States a sum of money equal to $1,500 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Superseding Information; and all right, title, and interest in and to any firearm or ammunition involved or used in the commission of the offense to which the defendant is pleading guilty. The property to be forfeited includes, but is not limited to, the following:

          1.    Ruger P94 .40 caliber pistol; and

The defendant acknowledges the defendant's interest in the foregoing property is subject to forfeiture based on the offense to which the defendant is pleading guilty.

      b.    The defendant further agrees to waive all interest in any

8

such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that they understand that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise them of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted.

    c.    The defendant knowingly and voluntarily waives their right to a jury trial on the forfeiture of assets. The defendant further knowingly and voluntarily waives all constitutional, legal and equitable claims, defenses and challenges to the forfeiture of assets in any proceeding, administrative, criminal or civil, any jeopardy defense or claim of double jeopardy, and any claim or defense under the Eighth Amendment to the United States Constitution.

    d.    The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that

10. The defendant, RYAN LEWIS LITTLE, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

11. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 15th day of October, 2023.

SANDRA J. HAIRSTON
United States Attorney
Middle District of North Carolina

*[signature]*

NICOLE R. DUPRÉ
NCSB#: 41214
Assistant United States Attorney
United States Attorney's Office for
the Middle District of North Carolina
251 N. Main Street, Suite 726
WINSTON-SALEM, NC 27101
336/333-5351

*[signature]*

AMES C. CHAMBERLIN
Assistant Federal Public Defender
Middle District of North Carolina

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

*[signature]*

JONATHAN L. BODANSKY
Assistant United States Attorney
United States Attorney's Office for
the Southern District of New York

*[signature]*

CLAY H. KAMINSKY
Assistant Federal Public Defender
Southern District of New York

*[signature]*

RYAN LEWIS LITTLE
Defendant

/S MAD

12